UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19 CR 534 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JASON WHITE, | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Jason White's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #31). The Government has filed a Motion to Dismiss, arguing that Mr. White's petition was not timely filed. (ECF #33).

## FACTUAL AND PROCEDURAL HISTORY

Mr. White pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1) and 924(a)(2). (ECF #20). On March 10, 2020, Mr. White was sentenced to 84 months of imprisonment. (ECF #27). He did not appeal his conviction or his sentence. On October 19, 2022, Mr. White filed the instant Motion to Vacate, alleging ineffective assistance of counsel. The Government contends that Mr. White's § 2255 petition is untimely, and therefore, barred.

## ANALYSIS

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417

U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). Mr. White was sentenced on March 10, 2022. The judgment was docketed on March 11, 2022. He had fourteen days within which to file a direct appeal. Fed. R. App. P. 4(b)(1)(A). Because no direct appeal was filed, the judgment became final in this case on March 25, 2020, fourteen days after the judgment was issued, and the date when Petitioner's time for filing a notice of appeal expired. 28 U.S.C. §2255(f)(1); see, also, e.g., *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Mr. White has not asserted that subsections two through four apply and there are no facts before the Court that would suggest that any of these circumstances operate to extend Mr. White's filing deadline in this case. His petition also makes clear that he had actual knowledge of the facts underlying his claims no later than the date of his sentencing. Therefore, his time to file a § 2255 claim raising these issues

expired one year after his conviction became final, which was March 25, 2020, at the latest. Therefore, his claim is time-barred.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been

3

denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (ECF #31), filed pursuant to 28 U.S.C. § 2255, is dismissed as untimely. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATED: February 7, 2023